# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                                     Case No. 1:25-cr-02741-KWR-1

DARRIN BEGAY,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATIVE REPORT

**THIS MATTER** comes before the Court on Defendant Darrin Begay's Objection to Presentence Investigation Report (Doc. 42). Defendant objects to the application of two enhancements and several paragraphs in the Presentence Investigation Report ("PSR"). Doc. 42 at 1. In light of Defendant's admissions, the Government's evidence, and the undisputed facts, the Court overrules Defendant's objections. Having reviewed the parties' briefing, exhibits, and the relevant law, the Court finds that the motion is not well-taken, and therefore, is **DENIED**.

## BACKGROUND

On July 2, 2025, law enforcement learned of a woman, Jane Doe, who was physically assaulted by her ex-boyfriend. Doc. 44 ¶ 9 (PSR). Navajo Police Department ("NPD") officers and FBI agents interviewed Jane Doe where she was receiving medical care, and she indicated that Defendant assaulted her on June 30, 2025, and on July 2, 2025. *Id.*

Doe told NPD that on June 30, 2025, she and Defendant were drinking alcohol when he became upset and "punched her with closed fists, kicked her, and choked her with both hands." *Id.* ¶ 10. She told NPD that Defendant "wrapped a charging cable around her neck to choke her," and

he "punched and kicked her in the face several times, causing her right eye to be swollen shut." *Id.* During the interview, police observed that Doe's right eye was "bruised and swollen shut" and that she had "bruises around her neck," "bruises and redness on her forehead and [the] left side of her face," and "bruises on her arms." *Id.* Doe told NPD that she received "most of the injuries during the fight on June 30, 2025." *Id.* ¶ 11. Records from Northern Navajo Medical Center ("NNMC") on July 2, 2025, provide that Doe had a "right orbital floor fracture with evidence that it possibly was an old injury as there was no fluid or blood in the maxillary sinus on July 2, 2025." *Id.* ¶ 12. Records further indicate that Doe had strangulation marks on her neck, tenderness over her chest, a subarachnoid hemorrhage (brain bleeding), and subdural hematomas (collection of blood between the brain and the outermost protective layer). *Id.* ¶ 16.

Doe told NPD that Defendant had returned to her residence the morning of July 2, 2025, and she walked outside to "see what was going on and to talk to" Defendant. *Id.* ¶ 13. Doe said that Defendant "threatened to harm [her] aunt and children" if she did not get in the car, and Defendant then "presented a silver knife . . . about eight inches long." *Id.* Doe also said that Defendant threatened to burn her "house with her children inside." *Id.* Doe agreed to go with Defendant so he would not harm her children. *Id.*

Once in the vehicle, Doe stated that Defendant "began driving and took out a bottle of whiskey" and told her to "drink or else he would stab her." *Id.* ¶ 14. Doe stated that Defendant hit the brakes so hard that she "hit her head on the dashboard." *Id.* She also stated that Defendant held the knife to her, and she believed he would stab her. *Id.* She claimed that she told Defendant she did not want to have sex with him, but Defendant had "the knife and forced her to have sex with him." *Id.* She stated that Defendant bit her back, slapped her in the face, and pushed her out of the vehicle before driving away. *Id.* Defendant disputes the facts in this paragraph. Doc. 42 at 1.

On July 2, 2025, Doe underwent a sexual assault nurse exam ("SANE"). *Id.* ¶ 17. During the SANE, Doe reported that Defendant forced Doe to put Defendant's "penis in [her] mouth while they were driving." *Id.* She reported that Defendant had intercourse with her, "choked her, hit her, and 'yanked' her hair," before pushing her out of the car and driving away. *Id.* Defendant disputes these facts. Doc. 42 at 1. Defendant claims that the following occurred: (1) he did not force Doe to get in the vehicle; (2) they began drinking alcohol while driving and then pulled over; (3) they got into a verbal argument; (4) Doe wanted to have sex, and they had sex approximately three times; (5) Doe slapped Defendant; (6) he choked Doe with both hands and bit her arm; and (7) Doe got out of the car, and he pushed her to the ground and punched her leg. *Id.* ¶ 18. He also admitted that he "went to Jane Doe's home, threatened her with a knife, and forced her into the vehicle [he] was driving." Doc. 35 at 5.

The FBI interviewed Doe on April 3, 2026, and she reported that she "did not remember the actual act of the sexual assault" but "she believed she was sexually assaulted due to her injuries and pain in her private areas." *Id.* ¶ 19. Doe confirmed that she had not had consensual sex for at least a week prior to the incident.[1] *Id.* A DNA sample taken from Doe's mons pubis/outer labia majora during her SANE demonstrates "very strong support for inclusion" of being Defendant's DNA. *Id.*; Doc. 43-2 at 2 (FBI Lab Report). Defendant disputes the facts in this paragraph. Doc. 42 at 1.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure ("Rule") 32(i)(3) governs the use of a PSR in establishing facts relevant at sentencing. Rule 32(i)(3) provides that:

---

[1] Doe's SANE report notes that "Pt had consensual sex in the last 5 days." Doc. 43-1 (SANE Report).

At sentencing, the court: (A) may accept any undisputed portion of the presentence report as a finding of fact; [and] (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . .

*United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022).

The government must prove each element of a sentencing enhancement. *United States v. Munoz-Tello*, 531 F.3d 1174, 1181 n.12 (10th Cir. 2008) (citing *United States v. Forsythe*, 437 F.3d 960, 963 (10th Cir. 2006)). The government must prove any findings necessary to support an enhancement by a preponderance. *Id.* (citing *United States v. Tindall*, 519 F.3d 1057, 1063 (10th Cir. 2003)). If a PSR is not disputed, a court may rely on it at sentencing. *United States v. Warren*, 737 F.3d 1278, 1285–86 (10th Cir. 2013); *see also* Fed. R. Crim. P. 32(i)(3). Any portion of a PSR not objected to is deemed admitted. *United States v. Conley*, 89 F.4th 815, 821 (10th Cir. 2023) (citation omitted).

If a defendant properly objects to a fact in a PSR, "the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *McDonald*, 43 F.4th at 1095. The government can meet its burden by either presenting new evidence at sentencing or referring to evidence presented at trial. *See id.*

### DISCUSSION

Defendant objects to paragraphs 14, 17, 19, 20, 29, and 38 of the PSR as false, and he objects to application of the sexual exploitation enhancement, pursuant to U.S.S.G. § 2A4.1(b)(5). Doc. 42 at 1 (Def.'s Sealed Objections to PSR). During the sentencing hearing on July 28, 2026,

4

Defendant clarified that he only objects to the application of the sexual exploitation enhancement under Count 4.[2]

### I.    The sexual exploitation enhancement pursuant to Count 4 applies.

Defendant objects to the application of the sexual exploitation enhancement under § 2A4.1(b)(5) "[f]or the same reasons" as his objection to the serious bodily injury enhancement. Doc. 42 at 2. Thus, Defendant's objection is based on Doe's statement that she "did not remember the actual act of the sexual assault," but "she believed she was sexually assaulted due to her injuries and pain in her private areas." *See id.*; Doc. 44 ¶ 19. The Government argues that the PSR, SANE report, and FBI DNA analysis demonstrate, by a preponderance, that the enhancement applies. Doc. 43 at 4. The Court agrees.

U.S.S.G. § 2A4.1(b)(5) states that "[i]f the victim was sexually exploited, increase by 6 levels." Sexually exploited includes "offenses set forth in 18 U.S.C. §§ 2241-2244, 2251, and 2421-2423." U.S.S.G. § 2A4.1(b)(5) cmt. 3. 18 U.S.C. § 2241(a) provides that criminal sexual abuse occurs by force or threat when a person knowingly causes another person to engage in a

---

[2] Even if Defendant maintained his objection to the serious bodily injury enhancement under Count 1, the undisputed facts in the PSR support application of the enhancement. Defendant does not dispute paragraphs 10 through 13 of the PSR. *See* Doc. 42 at 1. Doe reported that Defendant choked her with both hands and "punched and kicked her in the face several times, causing her right eye to be swollen shut." Doc. 44 ¶¶ 10–12. NNMC records indicate that Doe's eye had a "right orbital floor fracture with evidence that it possibly was an old injury as there was no fluid or blood" in the sinus on July 2, 2025. *Id.* ¶ 12. Doe claimed that most of her injuries were sustained on June 30, 2025. *Id.* ¶ 11. These undisputed facts demonstrate that Doe more likely than not sustained serious bodily injury on June 30, 2025, when she was punched and kicked in the face. *See United States v. Franklin*, 437 F. Supp. 3d 1088, 1092–93 (D.N.M. 2020) (imposing a six-level enhancement for an orbital fracture resulting in an injury that "might be permanent"). She still "occasionally sees white spots and is sensitive to sunlight. [And some] mornings she has trouble opening her eye." Doc. 44 ¶ 25 (undisputed). Not only did Doe sustain an orbital fracture, but she also still lives with an impaired eye. *See United States v. Woodlee*, 136 F.3d 1399, 1408–09 (10th Cir. 1998) (finding that "residual damage which impairs a bodily organ—[the] eyes" supports application of the "serious bodily injury increase").

sexual act by (1) using force against that other person; or (2) by threatening or placing the other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping. 18 U.S.C. § 2242(3) provides that criminal sexual abuse occurs when a person knowingly engages in a sexual act with another person without that person's consent, to include doing so through coercion."

Defendant disputes several PSR paragraphs that relate to the kidnapping and Doe claims that she believes that she was sexually assaulted based on the pain in her private areas, but Defendant's admissions and the submitted evidence demonstrate by a preponderance of the evidence that the enhancement applies. Defendant admitted that he threatened Doe with a knife and forced her into his car. Doc. 35 at 5 (Plea Agreement). In Doe's SANE report from the day of the offense, she claimed that "he put his finger and penis in my vagina," "[h]e was choking and hitting me, he yanked my hair." Doc. 43-1 at 5. Doe said, "he made me put his [penis] in my mouth while we were driving." *Id.* at 6. Doe claimed that Defendant told her that he "was going to throw [her] out of the car and he had a hole dug." *Id.* at 5. Even though Doe could not remember the actual act of sexual assault after nearly a year, *see* Doc. 44 ¶ 18, FBI DNA analysis from Doe's mons pubis/outer labia majora sample found "[v]ery strong support for inclusion" matching Defendant's DNA. Doc. 43-2 at 2. The circumstances of the kidnapping, Defendant's admissions, and Doe's SANE report demonstrate that it is more likely than not that criminal sexual abuse occurred during the kidnapping. Defendant admitted to choking Doe with both hands for about one minute, biting her arm, pushing her to the ground, and punching her leg. Doc. 44 ¶ 18. Given these admissions, the Court finds that Defendant's claim that Doe "wanted to have sex" is not credible. *Id.* Even if Defendant physically assaulted her after they had sex, it does not change the analysis given that Defendant admitted to kidnapping her prior to having sex. Accordingly, the

Court finds that the Government has provided sufficient evidence, in light of Defendant's admissions and the undisputed PSR facts, to apply the sexual exploitation enhancement under § 2A4.1(b)(5).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objections to the PSR are hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE